**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT**

**STATE OF ARKANSAS**

**CASE NO.:** 4:24-cv-956-KGB

**Plaintiff:**
**Raniqua Cantrell**

v.

**Defendants:**

**Patricia Ann James, Jannice Bellard, Lennox, Lee D Miller, and Drucker& Falk LLC**

**FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 0 5 2024
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**COMES NOW** the Plaintiff, **Raniqua Cantrell**, a U.S. National and natural person, by and through undersigned counsel, and files this Complaint for Injunctive Relief and Damages against the Defendants **Patricia Ann James**, Lennox, Jannice Bellard, and **Lee Miller, Drucker & Falk LCC**, in their official and individual capacities, for violating Plaintiff's statutory and constitutional rights by wrongfully refusing lawful tender, issuing an unlawful eviction, and causing irreparable harm. In support of this Complaint, Plaintiff states the following:

**I. Jurisdiction and Venue**

1. This Court has subject matter jurisdiction under **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1343** (civil rights violations), as the claims arise under the Constitution and laws of the United States, including **12 U.S.C. § 411**, **UCC 3-603(b)**, the **5th and 14th Amendments**, and the **Clearfield Trust Doctrine**.

2. Venue is proper in this Court under **28 U.S.C. § 1391(b)**, as a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Defendants reside or conduct business within this jurisdiction.

**II. Parties**

1. **Plaintiff**: Raniqua Cantrell, a U.S. National, natural person, and the rightful occupant of the property located at 601 Napa Valley Drive Apt #315 Little Rock, AR 72211. Plaintiff lawfully tendered payment for the alleged debt but was wrongfully evicted after the refusal of lawful tender.

2. **Defendant 1**: Patricia Ann James, presiding judge in the eviction proceedings, who refused to accept lawful tender under 12 U.S.C. § 411 and issued an unlawful judgment for eviction, violating Plaintiff's rights under federal and commercial law.

This case assigned to District Judge **Baker**
and to Magistrate Judge **Harris**

3. **Defendant 2**: Jannice Bellard, and the Lennox Plaintiff's landlord who initiated and continued eviction proceedings despite lawful tender being made.

4. **Defendant 3**: Lee Miller, Drucker & Falk LCC Attorney for the Lennox Company

## III. Factual Background

1. On October 30th, Plaintiff tendered payment in the amount of $20.00 dollars using **Federal Reserve Notes**, properly endorsed as **"Redeemed in lawful money pursuant to 12 U.S.C. § 411"** for the settlement of an alleged debt to Defendant. This tender fully discharged the obligation as required under **UCC 3-603(b)**.

2. **Refusal of Lawful Tender**: Defendant Patricia Ann James presided over the eviction case **60CV-24-9059** and improperly refused to acknowledge the lawful tender made by Plaintiff, despite the clear statutory obligation to accept such payment under **12 U.S.C. § 411** and **UCC 3-603(b)**.

3. On 11-1,2024, Defendant Patricia Ann James issued an eviction judgment against Plaintiff, despite the fact that the alleged debt had been lawfully settled via redemption in lawful money, violating Plaintiff's rights under federal commercial law and the **Clearfield Trust Doctrine**.

4. **Eviction and Harm**: As a direct result of the Defendants' unlawful actions, Plaintiff was forcibly evicted from their home on 11-5-2024, suffering irreparable harm, including but not limited to loss of residence, emotional distress, disruption of life, and financial loss.

## IV. Legal Claims

### Count 1: Violation of 12 U.S.C. § 411 – Lawful Money Redemption

1. Plaintiff's right to redeem Federal Reserve Notes in lawful money is enshrined in **12 U.S.C. § 411**, which permits the holder of Federal Reserve Notes to convert private debts into public obligations through lawful money tender.

2. Defendants' refusal to accept Plaintiff's lawful tender violates this statutory right, as they improperly refused to discharge the alleged debt, thereby invalidating the eviction proceedings and judgment.

### Count 2: Violation of UCC 3-603(b) – Refusal of Tender

1. **UCC 3-603(b)** explicitly states that a tender of payment discharges the obligation to the extent of the amount tendered. By refusing to acknowledge Plaintiff's lawful tender, Defendants violated commercial law, leading to an unlawful eviction.

2. Plaintiff fully discharged their financial obligation with lawful money tender, and Defendants had no legal grounds to pursue eviction after such tender was made.

**Count 3: Violation of Due Process – 5th and 14th Amendments**

1. Defendants' refusal to accept lawful tender, coupled with the resulting eviction, deprived Plaintiff of their right to due process under the **5th and 14th Amendments** to the U.S. Constitution.

2. Plaintiff was unlawfully deprived of their property without proper legal consideration of the tender, and Defendants failed to provide a fair and impartial review of the facts and the law.

**Count 4: Clearfield Trust Doctrine Violation**

1. The **Clearfield Trust Doctrine**, as articulated in **Clearfield Trust Co. v. United States, 318 U.S. 363 (1943)**, holds that when government or public officials engage in commercial transactions, they lose their sovereign immunity and are subject to the same commercial rules as private entities.

2. Defendant Patricia Ann James engaged in a commercial act by refusing lawful tender, which constitutes a violation of the Clearfield Trust Doctrine, making them personally liable for the wrongful eviction.

**Count 5: Injunctive Relief – Wrongful Eviction**

1. Plaintiff seeks a preliminary and permanent injunction halting any further eviction or adverse action against them. Plaintiff further seeks reinstatement to their property, as the eviction was wrongful and based on the improper refusal of lawful tender.

2. Without injunctive relief, Plaintiff will continue to suffer irreparable harm, including the loss of their home, emotional distress, and damage to their reputation.

**V. Injuries and Damages**

Plaintiff has suffered significant and ongoing injuries as a direct result of Defendants' wrongful actions:

1. **Loss of Residence**: Plaintiff was forcibly evicted from their home at 601 Napa Valley Drive Apt #315 Little Rock, AR 72211, losing their lawful occupancy due to Defendants' refusal to accept lawful tender.

2. **Emotional Distress**: Plaintiff has suffered emotional distress, mental anguish, and anxiety as a result of the eviction, disruption of life, and the uncertainty regarding their living situation.

3. **Financial Harm**: Plaintiff has incurred financial losses, including moving costs, storage fees, and loss of personal property.

4. **Reputational Damage**: The eviction has caused reputational harm to Plaintiff in the community, as it was based on false pretenses of non-payment.

**VI. Legal Basis for Injunctive Relief**

1. **Immediate and Irreparable Harm**: Plaintiff faces ongoing and irreparable harm due to the loss of their residence and emotional distress caused by the eviction. The harm is immediate, and monetary compensation alone is insufficient to remedy the loss of Plaintiff's home and disruption of life.

2. **Likelihood of Success on the Merits**: Plaintiff is highly likely to succeed on the merits, as the refusal of lawful tender violates **12 U.S.C. § 411** and **UCC 3-603(b)**. The tender was valid and discharged the obligation, making the eviction improper under both federal and commercial law.

3. **Balance of Hardships**: The balance of hardships favors Plaintiff, as the eviction caused irreparable harm to Plaintiff's housing stability, while Defendants suffer no immediate harm from halting the eviction process or restoring Plaintiff's lawful occupancy.

4. **Public Interest**: The public interest is served by enforcing lawful tender provisions under federal law and upholding the integrity of commercial transactions. Allowing Defendants' refusal to stand undermines public trust in the legal system and financial laws.

**VII. Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1. A **preliminary and permanent injunction** halting any further eviction actions or adverse actions by Defendants against Plaintiff, and reinstating Plaintiff's lawful occupancy of the property located at 601 Napa Valley Drive Apt. #315 Little Rock, AR 72211.

2. **Monetary damages** in an amount to be determined by the Court, including compensatory damages for the loss of residence, emotional distress, financial losses, and reputational damage caused by Defendants' unlawful actions.

3. **Punitive damages** for the willful and intentional misconduct of Defendants in refusing lawful tender, violating federal commercial law, and causing irreparable harm to Plaintiff.

4. **Declaratory judgment** that Defendants' actions violated Plaintiff's rights under **12 U.S.C. § 411**, **UCC 3-603(b)**, the **5th and 14th Amendments**, and the **Clearfield Trust Doctrine**.

5. **Costs and attorney's fees** incurred in bringing this action.

6. Any other relief this Court deems necessary and just.

**Respectfully submitted,**
**Raniqua Cantrell**

*[signature]*

601 Napa Valley 315 Little Rock, AR 72211
Phone 870-316-4514
11-5-2024

*[handwritten: Send Mail to: 500 W. Lincoln Ave. Searcy, Arkansas 72143]*

---

### VIII. Certificate of Service

I, Raniqua Cantrell, hereby certify that a true and correct copy of the foregoing Complaint for Injunctive Relief has been served upon Defendants Patricia Ann James, Jannice Bellard, and Lee Miller, by hand-delivery, on this November 5, 2024.

**Raniqua Cantrell**

*[signature]*

November 5, 2024

```
EMMANUEL J GONDER
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires Jan. 28, 2029
Commission # 12706681
```